
BOIES
SCHILLER
FLEXNER

**VIA EMAIL AND ECF**                                                     July 3, 2024

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:     *Zync Music Group, LLC et al. v. Round Hill Music Royalty Fund II LP*, No. 24-cv-3664

Dear Judge Torres:

        We represent Defendant Round Hill Music Royalty Fund II LP ("RHM").  Though a reply letter is not contemplated in Your Honor's Rule III(A) or III(B), we felt one was necessary to address a specific point in Plaintiff's Rule (III)(B)(iii) letter [Dkt. 19] ("Letter").  In particular, we write in reply to Plaintiffs' allegation about some alleged "unjustifiable refusal to engage in the appraisal process in good faith, and instead hold Plaintiffs' share of the joint venture proceed hostage."  [Dkt. 19 at 2.]  This statement represents a novel allegation—not found in the Complaint—and, perhaps more troublingly, is simply untrue.

        *First*, Plaintiffs' primary allegations about the appraisal process conclude by claiming that "the parties could not mutually agree to any third appraiser, thereby rendering the parties at an impasse with respect to the determination of the value of the Term Asset Purchase Price." (Comp. ¶ 129–139.)  If Plaintiffs now wish to claim that RHM engaged and/or continues to engage in some bad faith refusal to participate in the appraisal process, this should be alleged directly and expressly in an amended complaint.  It should not be snuck into this case via a pre-motion letter.

        *Second*, as the attached correspondence demonstrates—and as RHM noted in its own Rule (III)(B)(iii) letter, [Dkt. 18], RHM has been open and willing to continue the appraisal process as recently as April 28, 2024, when RHM's counsel informed Brian D. Caplan, Plaintiffs' counsel and signatory of Plaintiff's Letter, that the parties had reached an agreement to mediate the appraisal issue.  (*See* Exhibit A.)  Rather than engaging in the mediation, however, Mr. Caplan informed RHM one day later that *his clients* had elected to simply file this suit.  To be clear: RHM was, is, and remains ready and willing to participate in the appraisal process.

        The purpose of the Rule III(B) letters, as RHM understands them, is to help the parties avoid a motion to dismiss based on issues that can be resolved without formal court intervention. For this to happen, however, Plaintiffs' allegations must be complete so that RHM can fully and fairly evaluate them ahead of filing a motion.  Since Plaintiffs apparently need to supplement their claims by including allegations in their Rule III(B)(iii) letter—particularly about as something as fundamental as the appraisal process—this Court should require Plaintiffs to amend their Complaint fully and finally so that RHM can present a fully informed pre-motion letter to both Plaintiffs and, if need be, to this Court.  Absent that, RHM remains of the position that a motion to dismiss is necessary and appropriate in this case.

                                        Sincerely,
                                        */s/ Joshua I. Schiller*

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com